IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD COX, #315546 | § | |
| VS. | § | CIVIL ACTION NO. 4:13CV648 |
| COLLIN COUNTY SHERIFF'S OFFICE, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff James Edward Cox, a pretrial detainee confined in the Collin County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was referred pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

Before the Court is Plaintiff's Motion for Entry of Default (docket entry #6).

Plaintiff complains of the sanitary conditions and availability of cleaning supplies in the Collin County Jail, and retaliation against him for filing grievances regarding those conditions. *See generally* Complaint. In the instant motion, he asserts that his complaint was filed on November 1, 2013; that "court files and record[s]" show that Defendants have been served with the complaint and summons; that more than 20 days have passed since such service; that no Defendant has answered the complaint; and that Defendants are not exempt from answering. Motion at 1-2. He seeks entry of a default.

## II. DISCUSSION AND ANALYSIS

Ordinarily, a party may seek entry of a default on another party when that other party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," followed by a default judgment. *See generally* Fed. R. Civ. P. 55(a), (b). Here, Plaintiff does not cite the basis in law for his motion and therefore leaves it unclear precisely what he seeks.

Although Plaintiff's filing is entitled "Motion for Entry of Default," he does not specify whether he actually seeks entry of default pursuant to Rule 55(a) or a default judgment pursuant to Rule 55(b). "Before a default judgment may be entered by the court, the moving party must obtain entry of default pursuant to Fed.R.Civ.P. 55(a)." *Beachhead, L.P. v. Solar Night Indus., Inc.*, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008) (citations omitted). "[A]fter the entry of default, the plaintiff must request that a default judgment be entered." *Simmons v. Twin City Towing*, 425 Fed. Appx. 401, 404 (5th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 55(b)). The entry of default first places a party on notice of the default; on good cause shown, the court may set the entry of default aside before default judgment is separately entered or, under Rule 60(b), may set aside the default judgment itself after entry. *See* Fed. R. Civ. P. 55(c); *Jefferson v. Louisina Dept. of Public Safety and Corrections*, 401 Fed. Appx. 927, 929 (5th Cir. 2010) (per curiam).

In either case, however, Plaintiff is simply incorrect in his allegations as to Defendants' failure to answer. He asserts Defendants have been served pursuant to Court order and that this Court's "files and record[s]" show such service. The Court has ordered no such service and is unaware of any file or record showing that such service occurred. Certainly, it is not recorded by entry on the docket of this case. Although Plaintiff is proceeding *in forma pauperis*, the U.S. Marshal Service ("USMS") will not effect such service without an order of this Court. The Court will not issue such an order to the USMS or issue an Order to Answer and Scheduling Order until

after its initial screening is complete, which may include an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

In that light, Fed. R. Civ. P. 12(a) specifies that "[u]nless another time is specified by this rule. . . [a] defendant must serve an answer [] within 21 days after being served the summons and complaint[.]" When the Court issues its Order to Answer and Scheduling Order, an amended schedule for filing pleadings, including an answer, will be set forth and will govern in this case. Aside from the fact that Rule 12(a) permits a modification of the time for filing an answer, "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879, at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). That control includes modifications of filing and briefing schedules, either on motion or *sua sponte*.

In any event, Plaintiff's motion does not involve an actual default under Rule 55 on the part of any of the Defendants. Instead, Plaintiff appears to have jumped the gun and proceeded on an assumption unsupported by any record in this case. That is not a proper basis for entry of default under Rule 55(a) or imposition of a default judgment under Rule 55(b). Plaintiff's motion is without merit.

### III. RECOMMENDATION

It is accordingly recommended that Plaintiff's Motion (docket entry #6) be **DENIED**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from

3

*de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 6th day of January, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE